IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Keith Adger Smyth, | ) | C/A No. 0:18-1390-RBH-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden, Broad River Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

This is an action seeking habeas corpus relief under 28 U.S.C. § 2254. Petitioner filed an Amended Petition on August 1, 2018. (ECF No. 13.) This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for an order on Respondent's motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (ECF No. 16.) Petitioner filed a response to the motion, (ECF No. 20), and Respondent filed a reply (ECF No. 22).

Respondent seeks a more definite statement for Grounds One, Two, and Three of the Amended Petition. The court agrees with Respondent that the Petition is not clear on the grounds for relief asserted.

The federal habeas corpus statute for prisoners in state custody provides, "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

Petitioner is ordered to submit an addendum to his Amended Petition that lists the grounds that would show he is in custody in violation of the Constitution or law or treaties of the United States within **fourteen days** of the date of this order. Petitioner should identify the legal principle on which his claim rests and briefly provide the facts underlying his claim, in compliance with Federal Rules of Civil Procedure 8(a).[1] Citation to case records and transcripts will not suffice to state a claim.

---

[1] "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).



If Petitioner fails to comply with this order within the time prescribed, the court may dismiss the Petition for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6),[2] or, if Petitioner fails to respond to this order, this matter may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with an order of the court.

**TO RESPONDENT:**

The response date for the Return in this action is hereby stayed until Petitioner complies with this order. Respondent shall file a Return *or otherwise respond* within **twenty-one days** of Petitioner filing a more definite statement.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 12, 2018
Columbia, South Carolina

*Petitioner's attention is directed to the important WARNING on the following page.*

---

[2] Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id.

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).